UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VEER B. SINGH, <br> Plaintiff, <br> v. <br> TARGET CORPORATION, <br> Defendant. | Case No. 17-cv-06215-JCS <br><br> **ORDER RE MOTION TO DISMISS, OR IN THE ALTERNATIVE, TRANSFER VENUE** <br><br> Re: Dkt. No. 31 |

Plaintiff Veer Singh has filed virtually identical employment discrimination actions in this District and in the Federal District Court for the Eastern District of California against Defendant Target Corporation ("Target"). *See* Request for Judicial Notice, Exs. A (Complaint filed on October 19, 2017 in the Eastern District) & B (Complaint filed on October 20, 2017 in the instant action).[1] Target now brings a Motion to Dismiss, or in the Alternative, Transfer Venue ("Motion"). Because the Court concludes that venue in this District is improper, the Court TRANSFERS this action to the Eastern District of California for further proceedings.[2] The Court finds that the Motion can be decided without oral argument and therefore vacates the hearing set for June 1, 2018 pursuant to Civil Local Rule 7-1(b).

Target contends the Court should dismiss this action because venue is improper under the "first to file" rule and that in the alternative, the Court should transfer the action for the

---

[1] The documents attached to the Request for Judicial Notice are pleadings filed in the instant action and in the Eastern District of California. The Court "may take judicial notice of court filings and other matters of public record." *Reyn's Pasta Bella, LLC v. Visa USA, Inc.*, 442 F.3d 741 (9th Cir.2006). Accordingly, the Request for Judicial Notice is GRANTED.

[2] The parties have consented to the jurisdiction of the undersigned judge pursuant to 28 U.S.C. § 636(c).

convenience of the parties under 28 U.S.C. § 1404. The "first to file rule" is a "generally recognized doctrine of federal comity which permits a district court to decline jurisdiction over an action when a complaint involving the same parties and issues has already been filed in another district." *Pacesetter Sys., Inc. v. Medtronic, Inc.*, 678 F.2d 93, 94–95 (9th Cir. 1982). It is "not a rigid or inflexible rule to be mechanically applied, but rather is to be applied with a view to the dictates of sound judicial administration." *Id*. Among the factors a court may consider in determining whether to apply the doctrine are the stage reached in each of the cases and the convenience of the parties. *See id.* Likewise, transfer under 28 U.S.C. § 1404 is at the discretion of the district court so long as venue in the transferee district is proper, and is based on the court's balancing of "the plaintiff's interest to freely choose a litigation forum against the aggregate considerations of convenience of the defendants and witnesses and the interest of justice." *Wireless Consumers Alliance, Inc. v. T-Mobile USA, Inc.*, No. C 03-3711 MHP, 2003 WL 22387598, at *1 (N.D. Cal. Oct. 14, 2003).

Here, the convenience of the parties appears to support application of the first to file rule or in the alternative, a transfer under 28 U.S.C. § 1404, because the alleged discrimination occurred in Roseville, California, in the Eastern District of California, and Plaintiff also resides there, as do potential witnesses who are alleged to have been involved in the underlying conduct that is the basis of Plaintiff's claims. On the other hand, the Eastern District has not yet ruled on Plaintiff's application to proceed in forma pauperis or ordered service of the complaint. Consequently, the action in this Court is at a slightly later stage of the proceeding. Moreover, to the extent the complaint in the Eastern District action has not been served, *see* Docket Sheet, Case No. 17-2186 JAM, United States District Court for the Eastern District of California, Plaintiff could voluntarily dismiss that action pursuant to Rule 41(a) of the Federal Rules of Civil Procedure without a court order. This would render the first to file rule inapplicable and also might weigh against a convenience transfer to the extent it would reflect Plaintiff's choice to proceed in this forum.

Given Plaintiff's pro se status, the Court would ordinarily explore these issues with Plaintiff at oral argument. However, the Court need not decide whether dismissal or transfer is warranted under either the first-to-file rule or for the convenience of the parties under 28 U.S.C. §

2

1404(a) because Plaintiff has not demonstrated that venue in this District is proper under the special venue rule that applies to Title VII claims, 42 U.S.C. § 2000e–5(f)(3). That section provides that a claim under Title VII may be brought:

> in any judicial district in the State in which the unlawful employment practice is alleged to have been committed, in the judicial district in which the employment records relevant to such practice are maintained and administered, or in the judicial district in which the aggrieved person would have worked but for the alleged unlawful employment practice, but if the respondent is not found within any such district, such an action may be brought within the judicial district in which the respondent has his principal office.

42 U.S.C. § 2000e–5(f)(3). The Ninth Circuit has held that this venue provision applies in Title VII cases rather than the general venue provision in 28 U.S.C. § 1391. *Johnson v. Payless Drug Stores Nw., Inc.*, 950 F.2d 586, 587 (9th Cir. 1991). Based on the allegations in the Complaint, none of the grounds for venue under Section 2000e-5(f)(3) applies here.

Accordingly, the Court transfers the instant action to the Federal District Court for the Eastern District of California, where venue *is* proper under Title VII because the discrimination is alleged to have occurred there. *See* 28 U.S.C. § 1406(a) (providing that "[t]he district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought."). As Plaintiff already has a case pending in that district, it is in the interest of justice that this case be transferred there as well.

**IT IS SO ORDERED.**

Dated: May 16, 2018

_____
JOSEPH C. SPERO
Chief Magistrate Judge